# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-01446-SCT

*ROSETTA HARRIS*

*v.*

*THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARING, WILLIAM SUTTON, W. E. THOMAS, SALIBA MUKURO AND VINCE VENTARINI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/09/1997 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ELLIS TURNAGE |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: NORMAN VAN GILLESPIE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 1/14/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/99 |

**BEFORE PRATHER, C.J., McRAE AND WALLER, JJ.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. Rosetta Harris ("Harris") began her employment at Mississippi Valley State University ("MVSU") in August, 1977 as an instructor in the social work department. Harris' career at MVSU progressed and, in June, 1994 she was granted tenure by the MVSU tenure promotion committee. That same month, she signed an employment contract for the position of Program Coordinator for the Department of Criminal Justice/Social Work for the period beginning August 1994 and ending May 1995. The contract included the following language:

This employment contract is subject to the following terms and conditions.

1. The laws of the State of Mississippi and the policies and by-laws of the Board. ...

3. The Board [of the Trustees of State Institutions of Higher Learning] shall have the authority to terminate this contract at any time for the following:

a. Financial exigencies ...

b. Termination or reduction of programs, academic or administrative units ...

c. Malfeasance, inefficiency or contumacious conduct.

d. For cause.

Following Harris' appointment as program coordinator, a dispute arose regarding the accreditation of the MVSU social work program. The program was accredited by a Virginia organization, the Council on Social Work Education ("CSWE"), which sets standards for the hiring of faculty members. Harris became concerned with the hiring of Dr. Mohammad Hoque, who lacked a masters of social work degree and who had never practiced social work. Harris notified CSWE of Dr. Hoque's lack of credentials, and CSWE responded with an inquiry into MVSU's accreditation in late August and September of 1994. On October 28, 1994, William W. Sutton, President of MVSU, notified Harris that "it is my decision to terminate your appointment as Coordinator of Social Work. This change is effective immediately. Your salary will be unchanged for this academic year."

¶2. On November 28, 1994 Harris filed a complaint in federal court, alleging that her removal from the position of coordinator was in retaliation for her written response to CSWE and in violation to her rights of due process of law. By memorandum opinion dated September 22, 1995, Judge William H. Barbour, Jr. dismissed Harris' federal law claims with prejudice on summary judgment, but he dismissed Harris' pendent state law claims without prejudice. *Harris v. Mississippi Valley State Univ.*, 899 F. Supp. 1561, 1577 (N.D. Miss. 1995). On November 9, 1995, Harris filed a complaint with the Leflore County Circuit Court for breach of contract, wrongful termination, and emotional distress arising out of her removal as program coordinator. On September 9, 1997, the circuit judge granted defendants' MRCP 12(b)(6) motion to dismiss, finding that Harris' claims were barred by the doctrine of collateral estoppel. Harris timely appealed to this Court.

## ISSUE

**Whether the circuit judge committed reversible error in concluding the decision in *Harris v. Mississippi Valley State University* precludes the relitigation of Harris' state law claims under the doctrine of collateral estoppel?**

¶3. The doctrine of collateral estoppel serves to further the goals of judicial economy by limiting the re-litigation of issues decided in a previous cause of action. This Court recently noted in *Hogan v. Buckingham*, No. 97-CA-00493-SCT, (Sept. 17, 1998) that:

(W)hen collateral estoppel is applicable, the parties will be precluded from relitigating a specific issue [1] actually litigated, [2] determined by, and [3] essential to the judgement in a former action, even though a different cause of action is the subject of the subsequent action". ... At its core, the rule of collateral estoppel "precludes parties from relitigating issues authoritatively decided on their merits in prior litigation to which they were parties or in privity." *State ex rel. Moore v. Molpus,* 578 So. 2d

624, 640 (Miss. 1991).

¶4. The Circuit Judge found in his ruling dismissing Harris' lawsuit that "the claims asserted by plaintiff in her complaint have already been litigated and dismissed with prejudice by the federal court ... therefore all of plaintiff's claims are barred by the doctrine of collateral estoppel." The language of the federal court's ruling clearly contradicts the Circuit Judge's finding that Harris' state law claims had been dismissed with prejudice. The federal district judge expressly noted in his opinion that:

> In her complaint, Plaintiff also asserts state law claims against Defendants Sutton, Thomas, and Mukoro in their individual capacities based upon intentional and negligent infliction of emotional distress. Although Harris offers little support for those claims, the Court ... declines to exercise supplemental jurisdiction over them. Since the Court has dismissed all of the federal claims that gave it original jurisdiction, the state law claims against those Defendants pending before this Court will be dismissed without prejudice. In declining to exercise jurisdiction, it should be apparent that the Court has not addressed the merits of the Defendants' motion as it pertains to Plaintiff's state law claims.

*Harris*, 899 F. Supp. at 1577. It is thus apparent that the district judge did not deal with the merits of Harris' pendent state law claims, and he expressly noted that these claims were dismissed *without* prejudice. The circuit judge was in error when he found that Harris' state law claims had been dismissed with prejudice. This Court was faced with a similar fact pattern in *Norman v. Bucklew*, 684 So.2d 1246 (Miss. 1996), wherein we noted that:

> The other state law claims, i.e. negligence, malicious prosecution, and intentional and/or negligent infliction of emotional distress claims were dismissed without prejudice by the district judge. Therefore, their dismissal was of no preclusive effect to Norman refiling in state court.

*Norman*, 684 So.2d at 1256.

¶5. The district court did find that Harris' procedural due process rights had not been violated by the actions of MVSU in the present case, and the trial court would be justified in finding that collateral estoppel applies with regard to this issue. However, it is clear that a common law breach of contract, wrongful termination, or emotional distress claim involves entirely different issues than a constitutional due process claim, and the trial court erred in applying collateral estoppel to bar these state law claims in the present case. The ruling of the trial court is reversed and remanded for proceedings consistent with this Court's opinion.

¶6. **REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**SULLIVAN AND PITTMAN, P.JJ., McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. BANKS, J., NOT PARTICIPATING.**